NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 23, 2021

Louise Arkel, Esq.
Office of the Federal Public Defender
976 Broad Street
Newark, NJ 07102
*Counsel for Defendant*

Leslie Schwartz, Esq.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:**   *United States v. Leondi*
          **Crim. No. 17-527 (SDW)**

Counsel:

Before this Court are Defendant Kevin Leondi's ("Defendant") Motions for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 27, 30.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motions.

### DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant

compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On October 22, 2018, Defendant pled guilty to two counts of knowingly and intentionally conspiring to defraud the United States. (D.E. 19.) Count One charged Defendant with conspiring to defraud the United States by impairing, impeding, and obstructing the United States Army's procurement of goods and services for Picatinny Arsenal ("PICA") and Joint-Base McGuire-Dix Lakehurt ("Fort Dix") in violation of 18 U.S.C. § 371. (*See* D.E. 21 at 1.) Count Two charged Defendant with conspiring to solicit and accept kickbacks for the benefit of James Conway (an employee of a prime contractor) for obtaining or rewarding favorable treatment relating to subcontracts for construction work at PICA and Fort Dix in violation of 18 U.S.C. § 371 and contrary to 41 U.S.C. § 8072(2). (*See id.*) On May 1, 2019, this Court fined Defendant $25,000

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

2

and sentenced him to 60 months of imprisonment and three years of supervised release with special conditions. (D.E. 24.) Defendant began serving his sentence on May 13, 2019, at Federal Correctional Institution Loretto ("FCI Loretto") in Pennsylvania. (*See* D.E. 31 at 3.)

Defendant filed an administrative relief request seeking compassionate release with the warden at FCI Loretto on May 14, 2020. (D.E. 30 at 3.) The warden denied that request on June 1, 2020, stating that Defendant's medical conditions and "concern about being potentially exposed to, or possibly contracting COVID-19 d[id] not [] warrant an early release." (*See* D.E. 31 at 3, 4.) On May 28, 2020, prior to the warden's denial, Defendant filed a *pro se* motion in this Court for compassionate release. (D.E. 27.) Defendant's appointed counsel filed a supplemental motion on June 15, 2020, after meeting the procedural prerequisites for judicial review, requesting compassionate release due to Defendant's pre-existing medical conditions, which put him at a "grave risk of serious illness and/or death" if he becomes infected with COVID-19. (D.E. 30 at 1, 6.) The Government opposed Defendant's motions on January 27, 2021. (D.E. 31.)

C.

Defendant is sixty years old and contends that his kidney stones, hypertension, weight, and gender make him more vulnerable to becoming seriously ill should he contract COVID-19. (*See* D.E. 30 at 13–16.) The Centers for Disease Control and Prevention (CDC) indicate that people with obesity or chronic kidney disease "are at an increased risk of severe illness from the virus that causes COVID-19," and that individuals who are overweight or suffer from hypertension "might be at an increased risk for severe illness from the virus." *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021). The CDC does not indicate that males have a heightened risk of COVID-19 because of their gender. *Id.*; *see United States v. Gore*, Crim. No. 10-250, 2020 WL 3962269, at *4 (D.N.J. July 13, 2020) (giving little weight to defendant's male sex in denying his motion for compassionate release because defendant did not show that the prison gave him inadequate care because of this characteristic).

Though this Court has sympathy for Defendant's concerns regarding possible medical complications caused by COVID-19 exposure, Defendant's medical conditions do not establish "extraordinary and compelling reasons" to warrant his release. *See Epstein*, 2020 WL 1808616, at *2. First, even crediting Defendant's assertion that he has a body mass index (BMI) of 29.6, (D.E. 30 at 14), he does not meet the CDC's threshold for obesity. *See* CDC, *Defining Adult Obesity*, https://www.cdc.gov/obesity/adult/defining.html (last updated Sept. 17, 2020) (classifying a BMI of 25 to <30 as overweight, a BMI of 30 to <40 as obese, and a BMI of 40 or above as severely obese); *see also United States v. Falci*, Crim. No. 17-228, 2020 WL 3410914, at *4 (D.N.J. June 22, 2020) (denying compassionate release where defendant had a BMI of 30.6 because this BMI "does not meet the threshold of 'severe obesity' that the CDC has determined to be a high-risk factor").

3

Although Defendant "might" be at an increased risk of severe illness from COVID-19 because he is overweight and suffers from hypertension, courts in this district have routinely denied compassionate release to inmates with similar or more serious medical conditions. *See, e.g.*, *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity but medical records showed that the Bureau of Prisons was "adequately managing [his] medical care"); *Durante v. United States*, Crim. No. 11-277, 2020 WL 2520280, at *2 (D.N.J. May 18, 2020) (denying compassionate release motion for 66-year-old male with unmedicated hypertension); *Falci*, 2020 WL 3410914, at *4 (denying motion for compassionate release where defendant was 60 years old and suffered from obesity, hypertension, and other health issues).

Nor does Defendant's history of kidney stones warrant compassionate release. That condition has been stable for years and treated with medication. (*See* D.E. 31 at 18.) Furthermore, kidney stones are not equivalent to chronic kidney disease, and the CDC does not suggest that the former condition increases the risk of severe illness from COVID-19. *See United States v. Gjeli*, Crim. No. 13-00421-1, 2020 WL 4432384, at *1 (E.D. Pa. July 31, 2020) (denying defendant's compassionate release because kidney stones are not an extraordinary and compelling reason for his release); *United States v. Mason*, Crim. No. 18-329, 2020 WL 4034835, at *2 (W.D. Pa. July 17, 2020) (denying compassionate release where defendant did not show that his kidney stones "substantially reduce[d] his ability to provide self-care in prison or significantly increase[d] his risk of major complications from COVID-19"); *United States v. DeSciscio*, Crim. No. 88-239, 2020 WL 3893711, at *5 (D.N.J. July 10, 2020) (denying compassionate release for defendant with kidney stones, prostate cancer, atrial fibrillation, chronic rhinitis, and vertigo because defendant failed to show that these conditions "substantially diminish[ed] [his] ability . . . to provide self-care within the environment of a correctional facility" (citing U.S.S.G. § 1B1.13 cmt. n.1(A))).[2]

Even if this Court were to find that Defendant's health conditions were extraordinary and compelling reasons for release, this Court would still deny his motions because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. Defendant has served approximately twenty months of his sixty-month sentence. (D.E. 31 at 23.) If this Court releases Defendant now, he will have served approximately one-third of his prescribed sentence for, *inter alia*, soliciting and receiving between $150,000 and $250,000 in bribes from contractors in exchange for exercising his official influence as a Contract Specialist for the United Stated Army. (*See* D.E. 30 at 2–3; D.E. 31 at 22–23.) Such a sentence would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." *See* 18

---

[2] To the extent that Defendant may have limited functioning in one kidney, that is also not the same as chronic kidney disease. *See United States v. Cruz*, Crim. No. 17-167, 2020 WL 5627448, at * 2 (N.D. Ind., Sept. 21, 2020) ("[H]aving only one kidney is not the same as having chronic kidney disease."); *United States v. Michele*, Crim. No. 13-160, 2020 WL 4676327, at *4 (E.D. La., Aug. 12, 2020) (finding that defendant's medical records did not establish that he suffered any health complications from having only one kidney). Chronic kidney disease is "a condition in which the kidneys are damaged and cannot filter blood as well as they should" leading to "excess fluid and waste from blood remain[ing] in the body" and potentially causing "other health problems, such as heart disease and stroke." CDC, *Chronic Kidney Disease Basics*, https:// www. cdc.gov/kidneydisease/basics.html (last updated Feb. 7, 2020). In sum, Defendant has not put forth any evidence that he in fact suffers from chronic kidney disease.

4

U.S.C. § 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing").

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions for Compassionate Release are **DENIED**. An appropriate order follows.

   /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties